MARGUERITE K. BROBECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brobeck v. Commissioner
Docket No. 7289-77.
United States Tax Court
T.C. Memo 1980-192; 1980 Tax Ct. Memo LEXIS 392; 40 T.C.M. (CCH) 426; T.C.M. (RIA) 80192; June 2, 1980, Filed *392 By Court order dated August 23, 1978 respondent's request for admission was deemed admitted pursuant to Rule 90(f), Tax Court Rules of Practice and Procedure.Held, facts deemed admitted are conclusively established. Held further, the only proper method for seeking withdrawal or modification of deemed admitted facts is in the form of a motion, Rule 90(e). Held further, amount of unreported income and additions to tax determined. Eugene J. Martucci, for the petitioner. Edward J. Laubach, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In a notice of deficiency dated April 13, 1977, respondent determined the following deficiencies and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6654
1971
$18,954.02
$4,738.51
$ 606.52
1972
4,012.32
1,003.08
128.40
1973
4,387.25
1,096.81
140.38
1974
5,772.62
1,443.16
184.73
The issues presented are as follows: (1) whether the Court erred in deeming respondent's request for admission admitted; (2) whether the statute of limitations bars *394 assessment and collection of tax and additions to tax for the years 1971, 1972, 1973 and 1974; (3) whether petitioner received unreported income of $45,125.78, $15,854.94, $16,805.81, and $20,008.67 during the taxable years 1971, 1972, 1973 and 1974, respectively; and (4) whether petitioner is liable for the additions to tax under sections 6651(a) and 6654, I.R.C. 1954, for the taxable years 1971, 1972, 1973 and 1974. FINDINGS OF FACT At the time Marguerite K. Brobeck, petitioner, filed her petition herein she resided in Beaver, Pennsylvania. On May 26, 1978 respondent, pursuant to Rule 90, Tax Court Rules of Practice and Procedure, served on petitioner a request for admissions. On June 6, 1978 respondent received a copy of petitioner's answers to the request for admissions. Petitioner's response to the first paragraph was as follows: 1. That No. 1 cannot be admitted or denied by reason of lack of information of knowledge to do so. I have suffered a serious heart attack and am suffering from a severe nervous condition. I have made such a reasonable inquiry as I am able to and that the information known or readily obtainable by me is insufficient to enable me to answer *395 the substance of the request for admission, therefore, for the record I deny the same. Petitioner used the same response for the other 19 paragraphs of respondent's request for admissions. On July 19, 1978 respondent, pursuant to the provisions of Rules 90(d), 90(f) and 104(d), Tax Court Rules of Practice and Procedure, filed a motion seeking Court review of the sufficiency of petitioner's answers to respondent's request for admissions and issuance of an order that respondent's request for admissions be deemed admitted. By notice of hearing dated July 20, 1978 the Court notified petitioner that a hearing on respondent's motion had been set for August 23, 1978. Despite this notice no appearance was made by or on behalf of petitioner. After a hearing on respondent's motion, the Court, by order dated August 23, 1978, deemed admitted respondent's request for admissions. Respondent's request for admissions, which the Court deemed admitted, is set out in full below. 1. The retained earnings of Beaver Valley Volkswagen, Inc. on January 1, 1971 was $111,404. 2. The taxable income of Beaver Valley Volkswagen, Inc. for the period January 1, 1971 through July 19, 1971 was $40,783. *396 3. The federal income tax due by Beaver Valley Volkswagen, Inc. for the period January 1, 1971 through July 19, 1971 was $13,075.84. 4. The retained earnings of Beaver Valley Volkswagen, Inc. on July 19, 1971 was $139,111.16. 5. Beaver Valley Vokswagen, Inc. was liquidated on July 19, 1971. 6.Petitioner owned 27% of the stock of Beaver Valley Volkswagen, Inc. on July 19, 1971 and on July 20, 1971. 7. Petitioner is taxable in 1971 on 27% of the capital gain of $139,111.16 or $18,780, on the liquidation of Beaver Valley Volkswagen, Inc.
8. During 1971 petitioner jointly owned with Harold W. Brobeck, her husband, rental properties at the following addresses: 294 State Street, Beaver, Pa. 1202 Third Street, Beaver Boro, Pa. 659-671 Third Street, Beaver Boro, Pa. 361 East End Avenue, Beaver Boro, Pa. 338 East End Avenue, Beaver Boro, Pa. 145 Adams Street, Rochester Boro, Pa. 157 Adams Street, Rochester Boro, Pa. 201 Brighton Avenue, Rochester Boro, Pa. 410 Pine Grove, Industry Boro, Pa. 1440 Fourth Avenue, Freedom, Pa. 1631-1633 Washington Avenue, Monaca, Pa. 1612 Beaver Avenue, Monaca, Pa. 9. During 1973 and 1974 petitioner *397 jointly owned with Harold W. Brobeck, her husband, rental properties at the following addresses: 1202 Third Street, Beaver Boro, Pa. 659-671 Third Street, Beaver Boro, Pa. 361 East End Avenue, Beaver Boro, Pa. 338 East End Avenue, Beaver Boro, Pa. 145 Adams Street, Rochester Boro, Pa. 157 Adams Street, Rochester Boro, Pa. 1440 Fourth Avenue, Freedom, Pa. 1631-1633 Washington Avenue, Monaca, Pa. 1612 Beaver Avenue, Monaca, Pa.
10. In 1971, the net income from rents from the rental properties listed above in paragraph 8 was $38,891.55. Petitioner's share of said net income from rents was $19,445.78 in 1971. 11. In 1972, the net income from rents from the rental properties listed above in paragraph 9 was $31,709.88. Petitioner's share of said net income from rents was $15,854.94 in 1972. 12. For 1973, the net income from rents from the rental properties listed above in paragraph 9 was $33,611.62. Petitioner's share of said net income from rents was $16,805.81 in 1973. 13.The net income from rents from the rental properties listed above in paragraph 9 was $40,017.33 in 1974. Petitioner's share of said net income from rents was $20,008.67 in *398 1974.
14. Petitioner and Harold W. Brobeck sold the rental property at 410 Pine Grove Road, Industry, Pennsylvania to Lawrence and Alice A. Kane for $27,600 in 1971. 15. Petitioner and Harold W. Brobeck paid a purchase price of $19,000 for the rental property described in paragraph 14 above. 16. The total amount of depreciation deductions allowed by respondent to petitioner on the rental property described in paragraph 14 above was $19,000. 17. The adjusted basis of the rental property, which is described in paragraph 14 above, is zero. 18. The capital gain on the sale of the rental property, which is located at 410 Pine Grove Road, Industry, Pennsylvania and which is mentioned in paragraph 14 above, is the amount of $27,600. 19. The taxable portion of the capital gain of $27,600, from the sale of the rental property located at 410 Pine Grove Road, Industry, Pennsylvania is $13,800. Petitioner's share of the taxable portion of the capital gain is $6,900, and said amount is includible in petitioner's income in 1971 as a long term capital gain. 20. Petitioner failed to file individual income tax returns (Forms 1040) for the taxable years 1971, 1972, 1973 and *399 1974. Petitioner's case was called for trial on September 11, 1978. At that time she filed, pursuant to Rule 90(e), Tax Court Rules of Practice and Procedure, a motion seeking to vacate the Court's order of August 23, 1978. After a hearing thereon, petitioner's motion to vacate was denied. On September 12, 1978 petitioner filed a motion for, and was granted, a continuance. By notice dated July 9, 1979 and served on that date this case was set for trial at the session of the Court scheduled for Pittsburgh, Pennsylvania commencing October 15, 1979. On that date, appearance on behalf of petitioner was made by her attorney, Eugene J. Martucci. At trial petitioner filed another motion for continuance, which the Court, after determining it was not filed in good faith, denied. Respondent rested his case in chief based upon the deemed admitted facts and his right to argue on brief the applicable law to those facts. Petitioner failed to present any evidence at trial. Both parties were given dates upon which to file simultaneous original and reply briefs. On February 14, 1980 petitioner filed, concurrently with her opening brief, another motion to vacate the Court's order of *400 August 23, 1978 which deemed respondent's requests for admissions admitted. This motion was denied by the Court on February 15, 1980. OPINION The only argument raised by petitioner, in her brief, is that the Court erred when it ordered deemed admitted respondent's request for admissions. In support thereof, petitioner makes the following three contentions: (1) That there is no evidence that petitioner received the income set forth in the notice of deficiency. Therefore, the deemed admitted facts are in error; (2) That this is a criminal proceeding and that the effect of deeming admitted respondent's requested admissions denies petitioner constitutional rights against self-incrimination as provided by the Fifth Amendment; and (3) That the requests for admissions were deemed admitted without a hearing, and therefore petitioner is being denied her right to due process of law as provided by the Magna Carta and defined in Black's Law Dictionary. We first turn to the propriety of petitioner raising the above argument on brief. Rule 90(e), Tax Court Rules of Practice and Procedure provides in pertinent part that "[any] matter admitted under this rule is conclusively *401 established unless the Court on motion permits withdrawal or modification of the admission." [Emphasis added.] Thus petitioner's only contention must be presented in the form of a motion and is not properly subject to argument on brief. The fact that petitioner had filed such a motion on two previous occasions (the last one having been filed simultaneously with her brief) convinces us that she is knowledgeable of this rule. With respect to petitioner's three contentions in support of her argument we gratuitously note for her benefit: (1) under Rule 90(e) a deemed admitted fact is conclusively established and therefore petitioner cannot properly argue that it is error, (2) this is not a criminal proceeding, it is a civil matter, and (3) a hearing on respondent's motion was held on August 23, 1978 and it was after that hearing that the Court ordered respondent's request for admissions deemed admitted. We next turn to the primary issue presented in the petition, as distinct from the brief. The first issue is whether the statute of limitations bars assessments for calendar years 1971, 1972, 1973 and 1974. As a general rule assessment must be made within 3 years after *402 a return is filed. Section 6501(a), I.R.C. 1954. However, where the taxpayer has failed to file a return, then the tax may be assessed or proceeding in Court may commence without assessment at any time. Section 6501(c)(3). In her petition petitioner acknowledge, and the facts deemed admitted conclusively establish, that she did not file returns for the years in issue. Accordingly, we find that the exception provided in section 6501(c)(3) is applicable and that the statute of limitations remains open. As a result of the Court's order issued on August 23, 1978 it has been conclusively established, and we find, that petitioner had unreported income of $45,125.78, $15,854.94, $16,805.81 and $20,008.67 during the calendar years 1971, 1972, 1973 and 1974, respectively. These amounts are determined as follows: 1971
Net rental income
$ 19,445.78
Net capital gain on liquidation of
Beaver Valley Volkswagen, Inc.
18,780.00
Net capital gain on sale of rental
property located at 410 Pine Grove
Road, Industry, PA
6,900.00
$ 45,125.78
1972
Net rental income
$ 15,854.94
1973
Net rental income
$ 16,805.81
1974
Net rental income
$ 20,008.67
*403 The only other issue to be decided is whether petitioner is liable for additions to tax under section 6651(a)(1) and 6654(a). Section 6651(a)(1) provides an addition to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause; section 6654(a) provides for an addition to tax for underpayment of estimated tax. Petitioner has the burden of showing that she is not liable for the additions to tax. Enoch v. Commissioner,57 T.C. 781, 802 (1972). We have already found that petitioner failed to file a return and that during the years in issue she had gross income sufficient to require filing a return. She section 6012. Petitioner has presented no evidence justifying her failure to file a return or showing that she did not underpay her estimated tax. Therefore, we sustain the additions to tax determined by respondent. To reflect concessions by respondent with respect to amount of rental income during each of the years in issue, and the adjustment to the amount of capital gains determined by the Court's order of August 23, 1978, Decision will be entered under Rule 155.